UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DARA KHEMPECTH | CIVIL ACTION |
| VERSUS | No. 10-2738 |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES | SECTION "I" |

### ORDER AND REASONS

Before the Court is the government's motion to dismiss plaintiff's complaint, which seeks judicial review of the denial of plaintiff's naturalization application, on the basis that the Court lacks subject-matter jurisdiction. Although the Court concludes that it possesses subject-matter jurisdiction, the government's motion to dismiss is **GRANTED** because at this time the Court lacks the ability to provide plaintiff with the relief she requests. As such, plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.

### *BACKGROUND*

Plaintiff, Dara Khempecth ("Khempecth"), is a native and citizen of Thailand. On June 22, 2007, plaintiff filed a N-400 application for naturalization with the United States Citizenship and Immigration Services ("USCIS"). The USCIS denied plaintiff's application on February 24, 2010. According to plaintiff's complaint, "[d]efendant denied [p]laintiff's naturalization application on the ground that plaintiff committed prostitution during" the statutory period in which a person seeking naturalization is required to exhibit good moral character.[1] On April 27, 2010, plaintiff filed a N-336 request for a hearing on a decision in naturalization proceedings. The USCIS upheld the denial. On August 13, 2010, plaintiff filed the present action seeking

---

[1] R. Doc. No. 1., pg. 3.

judicial review of the USCIS's decision. Plaintiff asserts that she has exhausted her administrative remedies.

On December 13, 2010, almost eight months after the USCIS upheld the denial of plaintiff's naturalization application, the USCIS instituted removal proceedings against plaintiff by issuing a form I-862 notice to appear. The USCIS charged plaintiff with being inadmissible under 8 U.S.C. § 1182(a)(2)(D)(i) because of her arrests and convictions for prostitution.

## *LAW AND ANALYSIS*

A person whose application for naturalization is denied "after a hearing before an immigration officer . . . may seek review of such denial before the United States district court for the district in which such person resides." 8 U.S.C. § 1421(c). However, the Attorney General has "sole authority to naturalize persons as citizens of the United States." 8 U.S.C. § 1421(a). Furthermore, pursuant to 8 U.S.C. § 1429, "no application for naturalization shall be considered by the Attorney General if there is pending against the applicant a removal proceeding."

The government argues that, pursuant to 8 U.S.C. § 1429, this Court lacks subject-matter jurisdiction over plaintiff's case because removal proceedings have been initiated against plaintiff. In response, plaintiff asserts that the initiation of removal proceedings against plaintiff does not divest this Court of subject-matter jurisdiction to review the USCIS's denial of plaintiff's naturalization request because such section limits the power of the *Attorney General*, as opposed to that of the federal courts, to consider a person's naturalization application when removal proceedings are initiated against the person.

The United States Court of Appeals for the Sixth Circuit considered the same issue and arguments in *Zayed v. United States*, 368 F.3d 902 (6th Cir.2004). In *Zayed*, the USCIS denied plaintiff's naturalization application. After the denial was affirmed through the agency's internal

appeals process, plaintiff sought review of the decision in the federal district court in which she resided pursuant to 8 U.S.C. § 1421(c).  After plaintiff filed her case in the federal district court, the USCIS commenced removal proceedings against plaintiff.  Determining that the initiation of removal proceedings against plaintiff deprived the court of subject-matter jurisdiction over the case pursuant to 8 U.S.C. § 1429, the district court dismissed the case without prejudice.

Although the Sixth Circuit ultimately affirmed the district court's decision to dismiss the case without prejudice, the Sixth Circuit held that the district court was incorrect in concluding that the court lacked subject-matter jurisdiction over the case.  As the Sixth Circuit reasoned, "[t]he effect of § 1429, in our view, is to limit the scope of the court's review and circumscribe the availability of effective remedies, but not to oust the district court of a jurisdiction expressly conferred on it by the very act of Congress that amended § 1429."  *Zayed*, 368 F.3d at 906.  The Sixth Circuit further stated that:

> . . . the restraints that § 1429 imposes upon the Attorney General prevent a district court from granting effective relief under § 1421(c) so long as removal proceedings are pending. The exclusive power to naturalize aliens rests with the Attorney General, as we have seen, and § 1429 bars the use of that power while removal proceedings are pending. In the case before us, then, the district court could not properly have ordered the Attorney General to grant [plaintiff's] application for naturalization.[FN5] And the district court could not properly have entered an order granting the application without reference to the Attorney General, Congress having decided that it would be the Attorney General who should have "sole authority to naturalize persons...." *See* 8 U.S.C. § 1421(a).

*Id.*

Accordingly, the Sixth Circuit determined that the district court reached the right result by way of the wrong reasons.  Plaintiff's case should have been dismissed without prejudice

because the district court lacked the ability to provide the requested relief during the pendency of the removal proceedings.

The Court agrees with the Sixth Circuit that 8 U.S.C. § 1429 does not deprive the Court of subject-matter jurisdiction over this case.[2] *Id.* Nevertheless, the Court also agrees with the Sixth Circuit that because plaintiff is currently in removal proceedings, plaintiff has failed to state a claim upon which this Court can grant relief.

## CONCLUSION

Accordingly, **IT IS ORDERED** that plaintiff's claims against the USCIS are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted.[3] In the event that plaintiff's removal proceedings are resolved in her favor, plaintiff

---

[2] In its brief, the government cites *Saba-Bakare v. Chertoff*, 507 F.3d 337 (5th Cir. 2007) for the proposition that, "[i]t is clear, under Fifth Circuit case law, that once USCIS serves a naturalization applicant with a 'Notice to Appear' and initiates removal proceedings, a district court lacks subject-matter jurisdiction to consider the N-400 application denial." R. Doc. No. 8-1, pg. 5. Contrary to the government's assertion, *Saba-Bakare* does not contain such a concise holding with respect to the impact of removal proceedings on a federal district court's jurisdiction to review the denial of a naturalization application. Indeed, district courts within the Fifth Circuit have reached inconsistent conclusions when identifying *Saba-Bakare*'s holding with respect to subject-matter jurisdiction. *Compare Agarwal v. Napolitano*, 663 F. Supp. 2d 528, 535 (W.D. Tex. 2009) (and cases cited therein) *with Khodari v. Napolitano*, Civil Action No. 3:10-CV-0382-G, 2010 WL 4627810, at *2 (N.D. Tex. Nov. 16, 2010) (and cases cited therein). In the face of Sixth Circuit precedent that is directly on point, the Court elects to follow such precedent.

[3] Although the government seeks to dismiss plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(1), federal district courts are authorized to *sua sponte* dismiss a case for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). *Guthrie v. Tifco Ind.*, 941 F.2d 374, 379 (5th Cir. 1991). In resolving a motion under Federal Rule of Civil Procedure 12(b)(6), the Court "may consider 'documents the authenticity of which are not disputed by the parties; . . . documents central to plaintiffs' claim; [and] documents sufficiently referred to in the complaint.'" *Curran v. Cousins*, 509 F.3d 36, 44 (1st Cir. 2007) (quoting *Watterson v. Page,* 987 F.2d 1, 3 (1st Cir.1993)). During a January 24, 2011 telephone conference with chambers, counsel for both parties stipulated to the fact that USCIS served plaintiff with a notice to appear in removal proceedings in December 2010 and that such removal proceedings are ongoing. The government has included a copy of such notice to appear as an exhibit to its motion. R. Doc. No. 8-2.

may attempt to seek review of the denial of her naturalization application by the federal district court in the district in which she resides.[4]

New Orleans, Louisiana, January __27th__, 2011.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[4] Plaintiff also argues that this Court should review USCIS's denial of her naturalization application because USCIS commenced the removal proceedings after plaintiff filed suit in this Court. Rejecting the same argument in *Zayed*, the Sixth Circuit determined that, "[r]egardless of when removal proceedings are initiated, the Attorney General may not naturalize an alien while such proceedings remain pending." *Zayed*, 368 F.3d at 907. As such, the Court is powerless to grant plaintiff relief while the removal proceedings are ongoing.